UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In re: ) | Bankr. No. 11-40108 |
| ) | Chapter 7 |
| BAHJAT SAFWAT HIRORI ) | |
| SSN/ITIN xxx-xx-5971 ) | |
| ) | |
| and ) | DECISION RE:  DEBTORS' |
| ) | MOTION FOR RELIEF |
| SHAYMA FAHKREY HIRORI ) | FROM TURNOVER ORDER |
| SSN/ITIN xxx-xx-2932 ) | |
| ) | |
| Debtors. ) | |

The matter before the Court is Debtors Bahjat Safwat Hirori and Shayma Fahkrey Hirori's Motion for Relief from Order. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will allow Debtors additional time in which to comply with the Court's Order Directing Turnover.

I.

By their Motion for Relief from Order (doc. 60), Debtors Bahjat Safwat Hirori and Shayma Fahkrey Hirori are asking the Court to allow them to "set up a realistic payment plan for the amount of non-exempt property they had at the time of filing" in lieu of having their discharge revoked because of their failure to comply with the Court's March 28, 2012 Order Directing Turnover (doc. 40). In her Response to Motion for Relief from Order (doc. 63), Trustee Lee Ann Pierce objects to such relief, in large part because "Debtors . . . have failed to pay even one dollar to the bankruptcy estate pursuant to the Court's order."

Debtors admit they failed to respond to Trustee Pierce's Motion for Turnover (doc. 38), but blame their failure on a breakdown in communications with their

attorney. Debtors offer no explanation for their failure to seek relief from the Court's order for more than six months, other than their seeming misapprehension regarding the effect of a final order for turnover on their ability to amend their exemptions in an attempt to avoid the consequences of that order. Debtors nevertheless urge the Court to "exercise equity" and give them a chance to do now what they should have done more than six months ago.

II.

In their motion for relief, Debtors cited Fed.R.Civ.P. 60(d)(1).[1] That subsection, however, allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed.R.Civ.P. 60(d)(1). Inasmuch as Debtors have not commenced such an independent action, the Court will assume Debtors meant to proceed under Fed.R.Civ.P. 60(b)(1).[2]

A party may seek relief from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).

> "Excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir.2000) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Id*. (internal quotation marks and citations omitted). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that

---

[1] With limited exceptions not applicable in this case, the entirety of Fed.R.Civ.P. 60 is applicable in cases under title 11. Fed.R.Bankr.P. 9024.

[2] To the extent the Court may have misinterpreted Debtor's motion, though no independent action was commenced, the result under rule 60(d)(1) would be the same. *See City of Duluth v. Fond du Lac Band of Lack Superior Chippewa*, 708 F.Supp.2d 890, 898-99 (D. Minn. 2010) (citations therein).

> excusable neglect ... is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. (internal quotation marks and citation omitted). The factors to be considered include "the danger of prejudice to the [Plaintiffs], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Rule 60(b) ] movant, and whether the movant acted in good faith." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir.1998) (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). Whether the defaulted party appears to have any meritorious defenses is also a relevant factor. *See Union Pacific R. Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 783 (8th Cir.2001).

*Jefferson v. Hicks*, 364 Fed.Appx. 281, 283 (8th Cir. 2010).

III.

In this case, Debtors have not shown sufficient cause for excusing them from turning over the specific items of property identified in the Order Directing Turnover. Their motion for relief is too far removed from the entry of the order, their contentions regarding the value of the assets to be turned over is too weak, and the impact on the estate is too great to allow Debtors to now challenge the merits of the order.

The Court is, however, persuaded–by the narrowest of margins–it should allow Debtors additional time within which to turn over certain of those assets, despite Debtors' lengthy–and still unexplained to the Court's satisfaction–delay in requesting such relief. Were Debtors' discharge not at stake, a different result would likely be reached.

An appropriate order will be entered.

Dated: November 16, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

-3-

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota